UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WILLIAM C. DUFFELMEYER,

                Plaintiff,        07 Civ. (   )

    -against-

STEPHEN MALFITANO, individually,
JOSEPH CANNELLA, individually,        **COMPLAINT**
TOWN/VILLAGE BOARD OF THE
TOWN OF HARRISON, New York,
BOARD OF POLICE COMMISSIONERS
OF THE TOWN/VILLAGE OF HARRISON,
New York, and the TOWN/VILLAGE OF    **'07 CIV 11352**
HARRISON, New York                                     **Jury Trial Demanded**

                Defendants.

------------------------------------------------------------x

    Plaintiff WILLIAM C. DUFFELMEYER by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

### NATURE OF THE ACTION

    1. This is an action for compensatory and punitive damages, resulting from jointly engaged-in conduct of Defendants taken while acting under color of the laws of the State of New York, proximately resulting of violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

    2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff WILLIAM C. DUFFELMEYER is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. He is employed as a sworn member of the police department of the Defendant Town/Village of Harrison.

4. Defendant STEPHEN MALFITANO (hereinafter "Malfitano"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly elected Supervisor/Mayor of the Defendant municipal corporation. As such he is a voting member of the Defendant Town/Village Board and the Defendant Board of Police Commissioners.

5. Defendant JOSEPH CANNELLA (hereinafter "Cannella"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a duly elected member of the Defendant Town/Village Board. As such he too is a voting member of the Defendant Board of Police Commissioners.

6. Defendant TOWN/VILLAGE BOARD OF THE TOWN OF HARRISON, New York (hereinafter "Board"), is the duly elected governing body of the Defendant TOWN/VILLAGE OF HARRISON, New York (hereinafter "Town"), a municipal corporation duly existing by reason of and pursuant to the laws of the State of New York. Defendant BOARD OF POLICE COMMISSIONERS OF THE TOWN/VILLAGE OF HARRISON, New York (hereinafter "Board of Police Commissioners), is comprised of the members of the Town/Village Board and bears statutory responsibility, pursuant to Section 5711q of the New York State Unconsolidated Laws and the Westchester Police

Act (c. 312, L. 1936, as amended) for the oversight and administration of the Police Department of the Town.

## THE FACTS

6. On April 6, 2007, Plaintiff filed <u>Duffelmeyer v. Marshall</u>, 07 Civ. 2807 (WCC)(hereinafter "<u>Duffelmeyer I</u>") in this Court, alleging a violation of his rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983. A copy of the complaint in that action is annexed and incorporated herein.

7. Defendants moved to disqualify Plaintiff's counsel.

8. By Opinion and Order dated December 12, 2007, the Hon. William C. Connor denied that motion.

9. On December 13, 2007, following an executive session discussion of Judge Connor's decision, Malfitano, Cannella and another elected official of the Town voted (as members of the Town Board and/or members of the Board of Police Commissioners) to twice skip Plaintiff for promotion to the rank of Sergeant in favor of two lesser qualified candidates.

10. Defendants' final administrative determinations to twice skip Plaintiff for promotion was, either in whole and/or in substantial respect, motivated their intent to retaliate against Plaintiff for having filed <u>Duffelmeyer I</u>.

11. As a result of Defendants' determinations Plaintiff has been caused to suffer: substantial pecuniary losses; irreparable injury to his career path in the Police Department; public humiliation; public embarrassment; shame; anxiety; emotional upset; and he has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

13. Under the premises Defendants' retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

a. Awarding against all Defendants such compensatory damages as the jury may determine,

b. Awarding reasonable attorney's fees and costs, and,

c. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       December 17, 2007

LOVETT & GOULD, LLP
By:_____
       Jonathan Lovett (4854)
Attorneys for Plaintiffs
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

WILLIAM C. DUFFELMEYER, MICHAEL
WALTHER, STEVEN HEISLER, JEFF NARDI,
STEPHEN M. CARPINIELLO, EDWARD
ARCE, RALPH TANCREDI, PETER
DeVITTORIO, MICHAEL MARINELLI,
and ARTHUR MARINELLI,

                      Plaintiffs,

    -against-

LAWRENCE MARSHALL, individually,
DAVID HALL, individually, and
the TOWN/VILLAGE OF HARRISON,
New York,

                      Defendants.

------------------------------------------------------------x



07 Civ.

COMPLAINT

**07 CIV. 2807**

**Jury Trial Demanded**

       Plaintiffs WILLIAM C. DUFFELMEYER, MICHAEL WALTHER, STEVEN HEISLER, JEFF NARDI, STEPHEN M. CARPINIELLO, EDWARD ARCE, RALPH TANCREDI, PETER DeVITTORIO, MICHAEL MARINELLI, and ARTHUR MARINELLI by their attorneys Lovett & Gould, LLP, for their complaint respectfully state:

### NATURE OF THE ACTION

       1. This is an action for compensatory and punitive damages, resulting from jointly engaged-in conduct of Defendants taken while acting under color of the laws of the State of New York, proximately resulting of violations of Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

## THE PARTIES

3. Plaintiffs WILLIAM C. DUFFELMEYER, MICHAEL WALTHER, STEVEN HEISLER, JEFF NARDI, STEPHEN M. CARPINIELLO, EDWARD ARCE, RALPH TANCREDI, PETER DeVITTORIO, MICHAEL MARINELLI, and ARTHUR MARINELLI are citizens of the United States, domiciliaries of the State of New York, and residents of the Northern Counties. Each of the Plaintiffs is employed as a sworn member of the police department of the Defendant Town/Village of Harrison.

4. Defendant LAWRENCE MARSHALL (hereinafter "Marshall), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as a Lieutenant in the police department of the said Town/Village.

5. Defendant DAVID HALL (hereinafter "Hall"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was employed as the Chief of Police of the Defendant Town/Village.

6. Defendant TOWN/VILLAGE OF HARRISON, New York (hereinafter "Town"), is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

7. By correspondence dated March 28, 2007, Plaintiffs Duffelmeyer, Heisler, Carpiniello, Tancredi, Walther, Arce, and DeVittorio advised the members of the Town's Board of Police Commissioner and Police Captain Anthony Marraccini in pertinent respect:

> "This letter is to inform you of a disturbing set of circumstances that may constitute the possible commission of a crime..
>
> In January, 2007, [PBA] President Tancredi was conducting a customary examination of the many donations the Harrison Police Association receives during the Christmas holiday season. Pursuant to his examination, President Tancredi noticed that Brae Burn Country Club, as well as other donors, had not sent their customary annual donation. He inquired with the administration at Brae Burn CC as to whether they had sent or were going to send their annual donation for 2006. The administration said that they had made a donation of $2,500.00 and that the check was personally picked up by Chief Hall at Brae Burn CC. The Brae Burn CC administration said that they would look into the matter and get back to President Tancredi. President Tancredi and other members of the [PBA'S] executive board were contacted a short time later and the Brae Burn CC administration was disturbed to find out that the check had been altered and the funds had been deposited in the New York State Chiefs of Police Association account (Chief Hall was the President of the Chiefs Association at the time).

3

The Brae Burn administration was very clear with President Tancredi that the check was made out to the Harrison Police Association and was intended to be a charitable donation to the Harrison Police Association (see enclosed copy of check). Brae Burn said they received a receipt (see enclosed copy) for an advertisement in the Chiefs of Police Association Journal a short time after Chief Hall picked up the check, but apparently Chief Hall never discussed the advertisement with the Brae Burn charitable donation committee and Brae Burn did not authorize anyone to cross out Harrison in the payee line and replace it with Chiefs. They also said they were very surprised when they saw that the funds had gone to the Chiefs of Police Association and not the Harrison Police Association.

President Tancredi, under his belief that a mistake had been made, discussed the matter with the Association's executive board and some other members of the Association. Vice President Michael Walther subsequently asked Chief Hall if he had any checks or donations that were intended for the Harrison Police Association. The hope was that a mistake had been made. In the past, some donations that were intended for the Association had been mistakenly deposited into the Town of Harrison accounts and reimbursements by the Town were made to the Association when the errors were made apparent. Chief Hall, however, informed

4

>Vice President Walther that he did not have any checks or any funds that were intended for the Association.
>
>...[T]he [PBA] members concluded that it was possible that the Brae Burn donation check may have been intentionally altered and redirected into the Chiefs of Police account. As this would constitute a criminal act, it [is] the understanding of the members of the Association with knowledge of this possible crime that we have an obligation to report the incident to the Harrison Police Department...We respectfully request that you investigate this matter on our behalf...It is also our understanding that if we are not comfortable or disagree with the results of your investigation, we reserve the right as potential crime victims to pursue the matter with another law enforcement agency."

Annexed to the complaint and made and part hereof are copies of the referenced correspondence and enclosures.

8. Within a matter of hours of the delivery of the correspondence referenced in the preceding paragraph "7", Hall directed Marshall and others in the administration of the Police Department to investigate the PBA members' complaint - - not with a view towards ascertaining if a crime had indeed been committed, but rather with the self-serving objective of covering-up that crime and silencing the Plaintiffs.

9. In that connection Marshall personally advised the Plaintiffs or virtually all of the Plaintiffs that the were ordered to silence and were henceforth forbidden to communicate with any other law enforcement agencies and/or members of the Harrison

Police Department and/or members of the Harrison Police Association with respect to their fact-based beliefs that Hall had forged the subject check, been in criminal possession of that forged instrument, and intentionally stole on behalf of his Chiefs Association moneys he knew were intended for the Harrison Police Association.

10. With respect to the "gag" order imposed by Marshall for Hall, Marshall informed Plaintiffs that the issue of Hall's apparent commission of several felonies was being referred to the so-called Public Integrity Bureau of the Westchester County District Attorney's Office - - a circumstance that Plaintiffs recognized to be part of an orchestrated cover-up since the District Attorney herself:

    a. Is a personal friend of Hall,

    b. Is deeply indebted to Hall for securing her endorsement by the Chiefs of Police Association during her recent election campaign for the office of District Attorney - - and will need that endorsement again when she runs for re-election,

    c. Is by reason of that indebtedness and friendship going to cover-up through the so- called Public Integrity Bureau Hall's crimes rather than prosecuting him, and,

    d. Will not request that the Governor appoint a special prosecutor despite the District Attorney's obvious conflict of interest because the appointment of a special prosecutor would interfere with the District Attorney's expected cover-up.

11. Each of the Plaintiffs is aware of Marshall's order, Marshall and Hall's threat of retaliatory disciplinary action in the event of non-compliance, and the self-evident cover-up presently underway to insulate Hall from criminal prosecution.

12. As a proximate result each of the Plaintiffs has been chilled in the prospective exercise of his rights of association, speech and to petition government for the redress of grievance. None will risk the threat of a disciplinary prosecution with the prospect of an indefinite suspension without pay. None will report to any other law enforcement agency the apparent crimes as committed by Hall. None will discuss the matter further.

13. By reason of Defendants' conduct each of the Plaintiffs has been caused: emotional upset; anxiety; violations of their First Amendment protected rights; humiliation; embarrassment; shame and has otherwise been rendered sick and sore.

## AS AND FOR A CLAIM

13. Repeat and reallege as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Under the premises Defendants' conduct violated Plaintiffs' rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

    a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

    b. Awarding against all Defendants such compensatory damages as the jury may determine,

    c. Awarding reasonable attorney's fees and costs, and,

      d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      April 6, 2007

                                          LOVETT & GOULD, LLP
                                          By: _____
                                             Jonathan Lovett (4854)
                                          Attorneys for Plaintiffs
                                          222 Bloomingdale Road
                                          White Plains, N.Y. 10605
                                          914-428-8401