# FRIEDMAN, HARFENIST, LANGER & KRAUT, LLP
ATTORNEYS AT LAW
3000 MARCUS AVENUE – SUITE 2E1
LAKE SUCCESS, NEW YORK 11042
PHONE: (516) 775-5800   FAX: (516) 775-4082

RUSSELL C. FRIEDMAN
STEVEN J. HARFENIST
JONATHAN D. KRAUT

ANDREW C. LANG
CHARLES H. HORN
NEIL TORCZYNER
HEATHER L. SMAR
JOSEPH N. ARMAO
LEO K. NAPIOR

OF COUNSEL:
STANLEY M. LANGER
JOSEPH L. LATWIN
DAVID ZWERLING

WESTCHESTER COUNTY OFFICE:
2975 WESTCHESTER AVENUE – SUITE 415
PURCHASE, NEW YORK 10577
PHONE: (914) 701-0800
FAX: (914) 701-0808

**MEMO ENDORSED**

January 23, 2008

Via Overnight Delivery

US District Court Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

RE: William C. Duffelmeyer v. Town of Harrison et al
    Docket No. 07 CV 11352

Dear Judge Karas:

The undersigned represents the Defendants in the above captioned matter.

Pursuant to the Court's individual practices, the Defendants seek the Court's approval to move for dismissal of the complaint pursuant to FRCP 12(b)(6). It is the Defendants' position that dismissal is warranted since the complaint fails to allege an essential element of a claim for damages resulting from alleged retaliatory conduct in violation of the Plaintiff's First Amendment Rights. Specifically, the allegations in the Complaint fail as a matter of law since Plaintiff's own version of events indicate that Plaintiff's speech was made in the course of his employment as a police officer, rather than as a member of the general public and not protected by the First Amendment under the Supreme Court's holding in *Garcetti v. Ceballos*, 126 S.Ct. 1951 (2006).

**Brief Statement of the Facts**

The instant matter involves Defendants' decisions not to promote Plaintiff William C. Duffelmeyer ("Duffelmeyer"), a police officer, to the rank of Sergeant. As alleged in the Complaint, Duffelmeyer believes that he would have been promoted but for the fact that he filed a previous lawsuit against the Town of Harrison in which he complained of a "gag order" that had been placed upon him by the police department in connection with an internal investigation of alleged criminal conduct by the Chief of Police, David Hall.

Judge Kenneth M. Karas
January 23, 2008
Page 2 of 2

**Procedural History**

The instant matter was commenced by the filing the summons and complaint on December 18, 2007. By stipulation submitted to the Court for approval pursuant to FRCP 6(b)(1), Defendants' time to answer or otherwise move was extended until January 28, 2008. Defendants now seek to make a pre-answer motion to dismiss the sole cause of action in the complaint, alleging that Defendants' conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

**Basis for the Motion**

Under the First Amendment, an employee may not maintain a cause of action for retaliatory conduct for speech made in the course of his employment. *Garcetti v. Ceballos,* 126 S.Ct. 1951 (2006); *Ruotolo v. City of New York,* 2006 WL 2033662 (S.D.N.Y. 2006). In order for a lawsuit to adequately charge a First Amendment retaliation claim, the lawsuit must be predicated on speech made by a public employee as a citizen and not pursuant to his or her official duties. *Ruotolo,* 2006 WL 2033662 at 5.

In *Garcetti*, a district attorney's memo recommending dismissal of a case based upon certain inaccuracies in a search warrant affidavit was not subject to First Amendment protection since the employee's expressions were made pursuant to official responsibilities. *Garcetti,* 126 S.Ct. 1951 at 1961. Similarly, in *Ruotolo*, the Court denied recovery to a police officer who alleged improper retaliation after he wrote a report in his capacity as a safety officer outlining possible environmental risks at the police precinct. *Ruotolo,* 2006 WL 2033662 at 1.

In the instant matter, Duffelmeyer is seeking to recover for retaliation for his institution of a civil complaint against the Town of Harrison based upon a gag order placed upon police officers in connection with an ongoing internal criminal investigation. Duffelmeyer's speech regarding the police department's criminal investigation practices clearly falls within the course of employment of a police officer. As such, Duffelmeyer is precluded from maintaining a claim for retaliation based upon speech made in the course of employment.

The Court's attention in this matter is greatly appreciated.

Sincerely,

FRIEDMAN, HARFENIST, LANGER & KRAUT

By: _____
Steven J. Harfenist

CC: Lovett & Gould, LLP

*[Handwritten note:]* The Court will hold a pre-motion conference on March 19, 2008, at 10:45. Defendant's time to answer is stayed until then.

SO ORDERED

_____
KENNETH M. KARAS, U.S.D.J.
3/5/08