UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAM C. DUFFELMEYER,                          Index No. 07CV11352 (KMK)
                    Plaintiffs,

    -against-                                                                  **ANSWER**

STEPHEN MALFITANO, individually, JOSEPH
CANNELLA, individually, TOWN/VILLAGE
BOARD OF THE TOWN OF HARRISON,
New York, BOARD OF POLICE
COMMISSIONERS OF THE TOWN/VILLAGE
OF HARRISON, New York and the
TOWN/VILLAGE OF HARRISON, New York,
                    Defendant(s).
------------------------------------------------------------X

      Defendants STEPHEN MALFITANO, JOSEPH CANNELLA, the TOWN/VILLAGE BOARD OF THE TOWN OF HARRISON, NEW YORK, BOARD OF POLICE COMMISSIONERS OF THE TOWN/VILLAGE OF HARRISON, New York and the TOWN/VILLAGE OF HARRISON, New York by and through their attorneys, FRIEDMAN, HARFENIST, LANGER & KRAUT, answering the Plaintiffs' complaint, allege as follows:

      1.     The Defendants deny all allegations contained in paragraph "1" of the amended complaint and leave all questions of law to the time of trial.

      2.     The Defendants admit the allegations contained in paragraph "2" of the amended complaint.

      3.     The Defendants deny knowledge and information sufficient to form a

belief as to the allegations contained in paragraph "3" of the amended complaint.

4.  The Defendants deny all allegations contained in paragraph "4" of the amended complaint, except admit that Stephen Malfitano was the Mayor of the Town/Village of Harrison.

5.  The Defendants deny all allegations contained in paragraph "4" of the amended complaint, except admit that Joseph Cannella is an elected member of the Board of the Town/Village of Harrison.

6.  The Defendants deny all allegations contained in paragraph "6" of the amended complaint, except admit that the Town/Village Board is the duly elected governing body for Town/Village Board of the Town of Harrison and that §5711 of the Unconsolidated Laws of the State of New York and Westchester Police Act provide for the creation of a Board of Police Commissioners.

7.  The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7" of the amended complaint.

8.  The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of the amended complaint, but admit that a copy of a document purporting to be a complaint was appended to the complaint in the instant action as Exhibit "A."

9.  The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of the amended complaint.

10. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "10" of the amended complaint.

11. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "11" of the amended complaint, but admit that a copy of a document purporting to be a complaint was appended to the complaint in the instant action as Exhibit "B."

12. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "12" of the amended complaint.

13. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "13" of the amended complaint.

14. The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "14" of the amended complaint.

15. The Defendants admit the allegations contained in paragraph "15" of the amended complaint.

16. The Defendants deny all allegations contained in paragraph "16" of the amended complaint.

17. The Defendants deny all allegations contained in paragraph "17" of the amended complaint.

18. The Defendants deny all allegations contained in paragraph "18" of the amended complaint.

### AS AND FOR AN ANSWER TO THE FIRST CLAIM

19. As and for an answer to paragraph "19" of the amended complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 18 of this answer as if more fully set forth hereat.

20. The Defendants deny all allegations contained in paragraph "20" of the amended complaint.

### AS AND FOR AN ANSWER TO THE SECOND CLAIM

21. As and for an answer to paragraph "21" of the amended complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 18 of this answer as if more fully set forth hereat.

22. The Defendants deny all allegations contained in paragraph "22" of the complaint and leave all questions of law to the time of trial.

### AS AND FOR DEFENDANTS' FIRST AFFIRMATIVE DEFENSE

23. The Complaint fails to state a cause of action against the answering defendants.

### AS AND FOR DEFENDANTS' SECOND AFFIRMATIVE DEFENSE

24. The actions taken by the Defendants were made in good faith, without

malice and in conformity with any and all applicable laws.

**AS AND FOR DEFENDANTS'**
**<u>THIRD AFFIRMATIVE DEFENSE</u>**

25. The actions complained of were in full accord with applicable State and Federal law.

**AS AND FOR DEFENDANTS'**
**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

26. Plaintiff's constitutional and statutory rights have not been violated by the named defendants herein.

**AS AND FOR DEFENDANTS'**
**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

27. The Town/Village of Board of the Town of Harrison is not an entity capable of being sued in the State or Federal Courts.

**AS AND FOR DEFENDANTS'**
**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

28. The Board of Police Commissioner of the Town/Village of Board of the Town of Harrison is not an entity capable of being sued in the State or Federal Courts.

**AS AND FOR DEFENDANTS'**
**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

29. The Defendants' actions are protected by the doctrine of qualified immunity.

### AS AND FOR DEFENDANTS'
### EIGHTH AFFIRMATIVE DEFENSE

30. That the suit is barred by the Plaintiff's failure to name necessary and indispensable parties to the instant suit

### AS AND FOR DEFENDANTS'
### NINTH AFFIRMATIVE DEFENSE

31. The Plaintiff's alleged conduct is not protected under the United States Constitution and as such many not serve as a basis for any retaliation claim.

### AS AND FOR DEFENDANTS'
### TENTH AFFIRMATIVE DEFENSE

32. The Plaintiff has failed to allege conduct attributed to the majority of the entity that he has named as a defendant in the instant lawsuit.

**WHEREFORE**, the Defendants demands judgment dismissing plaintiffs' complaint in its entirety along with the costs and disbursements of this action.

Dated: Purchase, New York
April 15, 2008

FRIEDMAN, HARFENIST, LANGER & KRAUT
2975 Westchester Avenue
Suite 415
Purchase, New York  10577
(914) 701-0800

By:_____S_____
      Neil Torczyner