UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

WILLIAM C. DUFFELMEYER,                    Index No. 07CV11352 (KMK)

                            Plaintiffs,

        -against-                                    **ANSWER**

STEPHEN MALFITANO, individually, JOSEPH
CANNELLA, individually, TOWN/VILLAGE
BOARD OF THE TOWN OF HARRISON,
New York, BOARD OF POLICE
COMMISSIONERS OF THE TOWN/VILLAGE
OF HARRISON, New York and the
TOWN/VILLAGE OF HARRISON, New York,

                           Defendant(s).

-----------------------------------------------------------X

      Defendants STEPHEN MALFITANO, JOSEPH CANNELLA, the

TOWN/VILLAGE BOARD OF THE TOWN OF HARRISON, NEW YORK,

BOARD OF POLICE COMMISSIONERS OF THE TOWN/VILLAGE OF

HARRISON, New York and the TOWN/VILLAGE OF HARRISON, New York by

and through their attorneys, FRIEDMAN, HARFENIST, LANGER & KRAUT,

answering the Plaintiffs' complaint, allege as follows:

      1.    The Defendants deny all allegations contained in paragraph "1" of the

amended complaint and leave all questions of law to the time of trial.

      2.    The Defendants admit the allegations contained in paragraph "2" of the

amended complaint.

      3.    The Defendants deny knowledge and information sufficient to form a

belief as to the allegations contained in paragraph "3" of the amended complaint.

4.    The Defendants deny all allegations contained in paragraph "4" of the amended complaint, except admit that Stephen Malfitano was the Mayor of the Town/Village of Harrison.

5.    The Defendants deny all allegations contained in paragraph "4" of the amended complaint, except admit that Joseph Cannella is an elected member of the Board of the Town/Village of Harrison.

6.    The Defendants deny all allegations contained in paragraph "6" of the amended complaint, except admit that the Town/Village Board is the duly elected governing body for Town/Village Board of the Town of Harrison and that §5711 of the Unconsolidated Laws of the State of New York and Westchester Police Act provide for the creation of a Board of Police Commissioners.

7.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7" of the amended complaint.

8.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of the amended complaint, but admit that a copy of a document purporting to be a complaint was appended to the complaint in the instant action as Exhibit "A."

9.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "9" of the amended complaint.

10.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "10" of the amended complaint.

11.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "11" of the amended complaint, but admit that a copy of a document purporting to be a complaint was appended to the complaint in the instant action as Exhibit "B."

12.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "12" of the amended complaint.

13.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "13" of the amended complaint.

14.    The Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "14" of the amended complaint.

15.    The Defendants admit the allegations contained in paragraph "15" of the amended complaint.

16.    The Defendants deny all allegations contained in paragraph "16" of the amended complaint.

17.    The Defendants deny all allegations contained in paragraph "17" of the amended complaint.

18.    The Defendants deny all allegations contained in paragraph "18" of the amended complaint.

## AS AND FOR AN ANSWER TO THE FIRST CLAIM

19.     As and for an answer to paragraph "19" of the amended complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 18 of this answer as if more fully set forth hereat.

20.     The Defendants deny all allegations contained in paragraph "20" of the amended complaint.

## AS AND FOR AN ANSWER TO THE SECOND CLAIM

21.     As and for an answer to paragraph "21" of the amended complaint, the Defendants repeat and reallege all allegations in paragraphs 1 through 18 of this answer as if more fully set forth hereat.

22.     The Defendants deny all allegations contained in paragraph "22" of the complaint and leave all questions of law to the time of trial.

## AS AND FOR DEFENDANTS'
## <u>FIRST AFFIRMATIVE DEFENSE</u>

23.     The Complaint fails to state a cause of action against the answering defendants.

## AS AND FOR DEFENDANTS'
## <u>SECOND AFFIRMATIVE DEFENSE</u>

24.     The actions taken by the Defendants were made in good faith, without

malice and in conformity with any and all applicable laws.

## AS AND FOR DEFENDANTS'
## THIRD AFFIRMATIVE DEFENSE

25.    The actions complained of were in full accord with applicable State and

Federal law.

## AS AND FOR DEFENDANTS'
## FOURTH AFFIRMATIVE DEFENSE

26.    Plaintiff's constitutional and statutory rights have not been violated by

the named defendants herein.

## AS AND FOR DEFENDANTS'
## FIFTH AFFIRMATIVE DEFENSE

27.    The Town/Village of Board of the Town of Harrison is not an entity

capable of being sued in the State or Federal Courts.

## AS AND FOR DEFENDANTS'
## SIXTH AFFIRMATIVE DEFENSE

28.    The Board of Police Commissioner of the Town/Village of Board of the

Town of Harrison is not an entity capable of being sued in the State or Federal Courts.

## AS AND FOR DEFENDANTS'
## SEVENTH AFFIRMATIVE DEFENSE

29.    The Defendants' actions are protected by the doctrine of qualified immunity.

**AS AND FOR DEFENDANTS'**
**EIGHTH AFFIRMATIVE DEFENSE**

30.    That the suit is barred by the Plaintiff's failure to name necessary and indispensable parties to the instant suit

**AS AND FOR DEFENDANTS'**
**NINTH AFFIRMATIVE DEFENSE**

31.    The Plaintiff's alleged conduct is not protected under the United States Constitution and as such many not serve as a basis for any retaliation claim.

**AS AND FOR DEFENDANTS'**
**TENTH AFFIRMATIVE DEFENSE**

32.    The Plaintiff has failed to allege conduct attributed to the majority of the entity that he has named as a defendant in the instant lawsuit.

**WHEREFORE**, the Defendants demands judgment dismissing plaintiffs' complaint in its entirety along with the costs and disbursements of this action.

Dated:Purchase, New York
          April 15, 2008

FRIEDMAN, HARFENIST, LANGER & KRAUT
2975 Westchester Avenue
Suite 415
Purchase, New York  10577
(914) 701-0800

By:_____S_____
        Neil Torczyner